**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **ELLEN F. GROSS,** |
| **Plaintiff,** |
| **v.** |
| **LOGISTICS SUPPORT, INC.,** |
| **Defendant.** |

**Civil Action No. 12-1531 (JEB)**

**MEMORANDUM OPINION AND ORDER**

On July 8, 2013, this Court denied Logistics Support, Inc.'s Motion for Summary Judgment on Plaintiff's Title VII discrimination claim, holding that there was sufficient evidence upon which a jury could find that Defendant's reason for terminating Ellen Gross was discriminatory. See Gross v. Logistics Support, Inc., No. 12-1531, 2013 WL 3369078 (D.D.C. July 8, 2013) (Gross I). Ten days later, LSI moved for reconsideration, arguing that the Court erred in basing its decision solely on LSI's "reversal of course" in its decision to terminate Gross rather than another human-resources manager. Finding that LSI has not shown that a different result is warranted, the Court will deny its Motion.

Because Defendant seeks reconsideration of an interlocutory order denying its Motion for Summary Judgment, Federal Rule of Civil Procedure 54(b) governs. See Judicial Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C .2006) (discussing Rule 54(b)'s application to denials of dispositive motions). "The standard of review for interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b)." Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008). Defendant need only clear a lower bar as "reconsideration of an interlocutory decision is available under the standard 'as

1

justice requires.'" Judicial Watch, 466 F. Supp. 2d at 123; accord Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21 (D.D.C. 2007). The "as justice requires" standard may be met where the court has patently misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the submission of the issue. See Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004). "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" Lewis v. Dist. of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272). A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal citations omitted).

LSI maintains that judgment should have been entered in its favor because "[e]vidence that an employer has changed its mind in making an employment decision is not, standing alone, evidence of discrimination. . . . [Gross] must show not only that her employer 'reversed course' in reaching an adverse employment decision, but also that the employer's proffered explanation for why it changed its mind is unworthy of credence." Mot. at 2 (emphasis in original). The Court, however, did not base its decision on LSI's reversal of course alone; what Defendant omits from its argument is the chronology of events. In denying summary judgment, the Court determined that a jury could infer discrimination where LSI abruptly reversed course in such close proximity – just sixteen days later – to Gross's announcement of her pregnancy. See Gross I, 2013 WL 3369078, at *4.

In the similar context of retaliation suits, courts have consistently looked at the timing of the employer's action when determining whether a plaintiff can rebut the employer's legitimate non-retaliatory reason for the adverse action. See, e.g., Nuskey v. Hochberg, 657 F. Supp. 2d 47, 62 (D.D.C. 2009) (while defendant had proffered nonretaliatory explanations for its actions, "the temporal proximity between plaintiff's protected activity and the alleged retaliation is too close for defendant to escape the inference of a retaliatory motive at the summary judgment stage"); see also Cones v. Shalala, 199 F.3d 512, 521 (D.C. Cir. 2000) ("the close temporal proximity of [plaintiff's] discrimination complaints to the [adverse action] is sufficient to establish a causal connection"); Glenn v. Bair, 643 F. Supp. 2d 23, 42 (D.D.C. 2009) ("Even absent direct evidence, however, temporal proximity can support an inference of causation if the interval between the protected activity and the adverse personnel action is 'very close.'") (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)).

The timing of LSI's termination of Gross – combined with its apparent about-face as to which human-resources manager it would terminate – is sufficient to raise genuine issues of material fact that preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that trial courts should act with "caution in granting summary judgment" and may "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial"). Although Defendant's Motion for Summary Judgment presented a close call – and its Motion for Reconsideration is hardly frivolous – the Court believes it may not take the case from a jury.

The Court, therefore, ORDERS that Defendant's Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 29, 2013